UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTINA KIRKWOOD, | ) |
| | ) |
| Plaintiff, | )  Case: 2:23-cv-00409 |
| | ) |
| v. | ) |
| | ) |
| MIDWEST EXPRESS CARE 4, LLC, | ) |
| | )  **Jury Trial Demanded** |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Christina Kirkwood ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Midwest Express Care 4, LLC., ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Christina Kirkwood, resides in Merrillville, Indiana.

9. At all times material to the allegations in this Complaint, Defendant, Midwest Express Care 4, LLC., is a Health Service Consultant business doing business in and for Hammond, Indiana, whose address is 31 Sibley St., Ste A, Hammond, IN 46320.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Nurse Practitioner from August of 2022, through April 27, 2023.

13. Since at least October of 2022, through April 27, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class

2

and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American and is a member of a protected class because of her race whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. Upon her hire, Plaintiff was scheduled to work six days every two weeks.

16. When she was hired, Plaintiff requested a set schedule, which included no or limited floating between locations so that she could properly schedule other commitments when she was not working.

17. Defendant denied Plaintiff's request, even though it permitted similarly situated non-African American employees such scheduling accommodations.

18. In or around October of 2022, a Caucasian employee requested to switch shifts with Plaintiff. Plaintiff declined this employee's request as she was only available during the times she was assigned.

19. After Plaintiff declined the employee's request, the Chief Executive Officer, Milap Shah, became involved and berated Plaintiff about declining the shift switch. Mr. Shah would say things like; "This is so fucked up" and "You're going to do what I say".

20. Defendant also targeted Plaintiff by overly scrutinizing and watching every move she made.

21. On the other hand, non-African American employees were regularly praised for their work, and were not overly scrutinized like Plaintiff.

22. Plaintiff was watched so closely that a fellow African American coworker told the

Managers they needed to leave Plaintiff alone.

23. In response, Plaintiff and the only other African American employee were told they had "herd mentality" by a Caucasian coworker.

24. Plaintiff made a complaint to Mr. Shah that she felt she was being discriminated against because of her race and retaliated against.

25. Specifically, Plaintiff complained about the scheduling request she was denied, that she did not receive the same level of assistance as the Caucasian employees despite being saddled with a substantially more burdensome work load, and that employees made fun of her hair and called her stupid.

26. In response to Plaintiff's complaint, Mr. Shah informed Plaintiff that if she was unhappy she could quit.

27. Plaintiff did not quit, instead on or around April 26, 2023, Plaintiff wrote a formal complaint to Mr. Shah complaining of the discrimination, harassment and retaliation she had been receiving.

28. In response to Plaintiff's complaint, Mr. Shah told Plaintiff that she could either restructure her employment agreement and accept a substantial pay cut or be terminated.

29. Plaintiff was then terminated on April 27, 2023.

30. Throughout her employment, Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

31. Plaintiff was unlawfully terminated because of her race (African American), on April 27, 2023.

32. Plaintiff was retaliated against and her employment was ultimately terminated for

opposing unlawful discrimination and for exercising her protected rights.

33. Plaintiff reported the race-based harassment to Defendant.

34. Plaintiff was targeted for termination because of their race.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

41. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

5

42. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

43. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

49. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

### COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

52.   Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53.   By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54.   Defendant knew or should have known of the harassment.

55.   The race-based harassment was severe or pervasive.

56.   The race-based harassment was offensive subjectively and objectively.

57.   The race-based harassment was unwelcomed.

58.   Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

59.   Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60.   As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

61.   Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

62.   Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

63.   During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted race discrimination or race-based harassment.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

65. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

66. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

67. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

69. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

70. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

  c. Compensatory and punitive damages;

  d. Reasonable attorneys' fees and costs;

  e. Award pre-judgment interest if applicable; and

  f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of November, 2023

      */s/ Mohammed O. Badwan*
      **MOHAMMED O. BADWAN, ESQ.**
      IL Bar No.: 6299011
      **SULAIMAN LAW GROUP LTD.**
      2500 S. Highland Avenue, Suite 200
      Lombard, Illinois 60148
      Phone (630) 575-8180
      Fax (630) 575 - 8188
      mbadwan@sulaimanlaw.com
      *Attorney for Plaintiff*